UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KRIS FOX )<br>345 Hutchison Drive )<br>Mogadore, Ohio 44260 )<br> )<br>        Plaintiff, )<br>  v. )<br> )<br>ABC PHONES OF NORTH CAROLINA, )<br>INC., (d/b/a) A Wireless )<br>(c/o) CT Corporation System )<br>4400 Easton Commons Way Ste. 125 )<br>Columbus, Ohio 43219 )<br> )<br>        Defendant. ) | CASE NO.<br><br>JUDGE<br><br>**PLAINTIFF'S COMPLAINT**<br><br>(Jury Demand Endorse Herein) |

     Plaintiff Kris Fox respectfully files this Complaint, and states and alleges as follows:

## INTRODUCTION

     1.    Plaintiff Fox brings this case to challenge policies and practices of Defendant ABC Phones of North Carolina, Inc. (hereinafter "Defendant" or "A Wireless") that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

## JURISDICTION AND VENUE

     2.    This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

     3.    Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this district and division and/or all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

4. At all times relevant, Plaintiff Fox was a citizen of the United States and a resident of Summit County, Ohio.

5. Defendant is a North Carolina Limited Liability Company with its principal places of business in Eden Prairie, Minnesota and Greenville, North Carolina. According to records maintained by the Ohio Secretary of State, Defendant's statutory agent for service of process is CT Corporation System, 4400 Easton Commons Way Ste. 125, Columbus, Ohio 43219.

## FACTUAL ALLEGATIONS

### Defendant's Business

6. Defendant is in the business of providing Verizon products, including wireless devices, accessories, and product insurance. Defendant operates 1,145 stores in 45 states.

### Defendant's Status as Employer

7. At all times relevant, Defendant was an employer within the meaning of the FLSA, 29 U.S.C. § 203(d), and employed hourly employees, including Plaintiff.

8. At all times relevant, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

9. At all times relevant, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

10. Defendant operates and controls an enterprise engaged in commerce, with annual gross volume of business exceeding $500,000.00.

### Plaintiff's Non-Exempt Status with Defendant

11. Plaintiff Kris Fox was employed by Defendant as a sales representative and hourly, non-exempt assistant manager from approximately January 2013 through approximately

July 2016. He worked primarily at Defendant's Hartville, Ohio store, located at 882 West Maple Street.

12. Plaintiff was classified by Defendant as a non-exempt employee and paid on an hourly basis.

13. Plaintiff worked in excess of forty (40) hours per week as an hourly sales representative and assistant manager.

14. At all times relevant, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

15. At all times relevant, Plaintiff was engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

**Defendant's Failure to Pay for All Hours, Including Overtime Hours, Worked**

16. Defendant's policy and practice was to deny earned wages to Plaintiff, including overtime wages. Defendant required Plaintiff to be present and perform work in excess of forty hours per work week, failed to properly and accurately report wages earned and hours worked, failed to properly and accurately calculate overtime compensation.

17. Specifically, Defendant required Plaintiff to work through meal breaks, which were automatically deducted, in violation of 29 U.S.C. §207, 29 C.F.R. § 785.19; and to punch out for short breaks of 15 minutes or less, in violation of 29 C.F.R. § 785.19.

18. Defendant also edited Plaintiff's time to reduce labor costs, in violation of 29 U.S.C. § 207; and failed to calculate commission pay at the regular rate for weeks in which he worked 40 or more hours, in violation of the FLSA, 29 C.F.R. 778.00, *et seq*.; 29 U.S.C. § 207.

19. Defendant's deliberate failure to pay hourly employees their earned wages and overtime compensation violates the FLSA.

## COUNT ONE
### (FLSA Overtime Violations)

20. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

21. Plaintiff brings this claim for violation of the FLSA's overtime provisions.

22. The FLSA requires that "non-exempt" employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay. 29 U.S.C. § 207(a)(1).

23. Plaintiff should have been paid overtime wages in the amount of 150% of his "regular rate" for all hours worked in excess of forty (40) hours per workweek.

24. Defendant did not pay overtime compensation to Plaintiff at the rate of one and one-half times their regular rate for all of their overtime hours.

25. By engaging in these practices, Defendant willfully violated the FLSA and regulations thereunder that have the force of law.

26. As a result of Defendant's violations of the FLSA, Plaintiff was injured in that he did not receive wages due him pursuant to the FLSA. 29 U.S.C. § 216(b) entitles Plaintiff and to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court:

A. Enter judgment against Defendant and in favor of Plaintiff;

B. Award compensatory damages to Plaintiff, in the amount of his unpaid wages, as

well as liquidated damages in an equal amount; and

C.  Award Plaintiff his costs and attorneys' fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

Respectfully submitted,

*s/ Ryan A. Winters*
Joseph F. Scott (0029780)
Ryan A. Winters (0086917)
Scott & Winters Law Firm, LLC
The Superior Building
815 Superior Avenue E., Suite 1325
Cleveland, OH  44114
440-498-9100
jscott@ohiowagewlawyers.com
rwinters@ohiowagelawyers.com

*Attorneys for Plaintiff*

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

*s/ Ryan A. Winters*
Ryan A. Winters (0086917)